UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:09 CR 91-2 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| STEPHANIE RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Stephanie Rivera's Motion to Suppress (ECF No. 23). Rivera argues that the evidence in this case should be suppressed as the result of an illegal entry into her residence by law enforcement officers at the time of her arrest. The officer's search of the residence yielded approximately 30.87 grams of crack cocaine; a digital scale containing cocaine residue on it; and $3,220.00 in U.S. currency, $850.00 of which contained serial numbers of U.S. currency used by law enforcement to purchase crack cocaine from codefendant Richard Calhoun on an earlier date. As a result, Rivera and Calhoun have been charged with distribution of crack cocaine, possession with intent to distribute crack cocaine and conspiracy to distribute crack cocaine.

By Motion, Rivera alleges that:

> [i]n the early morning hours of January 27, 2009 at approximately 6:00 a.m., the police executed a knock and announce search warrant. . . . Present at the residence with Ms. Rivera were her

> infant son, Karen Waller and George Martinez, both adults.
>
> Ms. Rivera was in the master bedroom, sleeping lightly. Both Karen and George were in the living room area. Without knocking, police bashed both exit doors in and illegally entered Ms. Rivera's home. Prior to entry, the home was quiet, i.e., no movement within the unit. Within seconds, police from two directions appeared in front of Stephanie ordering her at gunpoint (sic)
>
> After the search was concluded, both doors had to be secured due to the damage caused by law enforcement. <u>Neither door could close properly.</u> . . . .
>
> Issue to be Determined
>
> The search of the premises, due to the failure of police to knock and announce their presence was illegal and any/all contraband found as a result oft he search should be suppressed.

(Id. at 2 (omitting citations to the record)).

To no surprise, the Government, in a response brief, tells quite a different version of events. (ECF No. 24.) They not only assert that they announced their presence prior to breaching the door, but that they in fact used a public address system to announce repeatedly and loudly "police" and "search warrant" or words to that effect. (Id. at 2.)

The Court need not hold a hearing to decide which parties' version of the facts is true because the Motion must be dismissed as a matter of law. The United States Supreme Court and the Sixth Circuit have both recently held that suppression of evidence obtained as the result of an unlawful search is not an appropriate remedy for the violation of the knock-and-announce rule. *Hudson v. Michigan*, 547 U.S. 586, 593-99 (2006); *United States v. Smith*, 526 F.3d 306, 311 (6th Cir. 2008). Rather, a criminal defendant's remedy, if any, is monetary damages under 42 U.S.C. § 1983. *Id.*

-2-

After the Government filed its response brief citing in support *Hudson* and *Smith*, the Court had a member of its staff call counsel for Rivera to see if he intended to file a reply brief, to which he responded in the negative.

Accordingly, based on the foregoing, Defendant Stephanie Rivera's Motion to Suppress (ECF No. 23) is hereby **DENIED**.

**IT IS SO ORDERED.**

> */s/ Dan Aaron Polster   August 17, 2009*
> **Dan Aaron Polster**
> **United States District Judge**