**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 1:09-CR-91 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STEPHANIE RIVERA,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Stephanie Rivera's motion for a retroactive sentence reduction, which was filed pursuant to 18 U.S.C. § 3582(c)(2). (Doc. # 52). The Government opposes the motion. (Doc. # 53). The motion is denied because the Court lacks the authority to reduce Rivera's sentence below her statutory minimum of 120 months.

I.

In 2009, Rivera pled guilty to one count of conspiracy to traffic crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846. The crime involved 88.81 grams of cocaine base, so, under § 2D1.1(c)(5) of the then-applicable U.S. Sentencing Guidelines Manual, her base offense level was 30. She received a two-level decrease in the offense level for accepting responsibility, U.S.S.G § 3E1.1(a), and an additional one-level decrease for timely notifying the Government of her intent to enter a plea of guilty. U.S.S.G § 3E1.1(b). Since she was in criminal history category VI, her applicable guideline range was 130–162 months.

In addition, the Government made a motion pursuant to U.S.S.G § 5K1.1 for a one-level

downward departure for Rivera's substantial assistance, thereby permitting the Court to depart below the minimum of the applicable sentencing range. (The Government did *not*, however, make a corresponding motion pursuant to 18 U.S.C. § 3553(e) to permit the Court to depart below the statutory minimum sentence of 120 months. This fact is critical to the disposition of Rivera's present motion.) The downward departure resulted in an offense level of 26, yielding a range of 120-150 months. The Court sentenced Rivera to the low end: 120 months.

Now before the Court is Rivera's motion, filed pursuant to 18 U.S.C. § 3582(c)(2), to retroactively reduce her sentence. She seeks a new sentence of 92 months. The Government objects.

II.

To qualify for a retroactive sentence reduction, two conditions must apply. First, the original sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.

"In determining whether a sentence was 'based on' a subsequently lowered guideline range...we must consider whether 'the original sentence was, in fact, "based on"' such a range...; that is, we look to 'what the district court actually said and did at the original sentencing....'" United States v. Hameed, 614 F.3d 259, 264 (6th Cir. 2010) (internal citations omitted). There is no doubt the Court actually based Rivera's sentencing range on the drug quantity table found at U.S.S.G. § 2D1.1. In addition, Amendment 750 retroactively lowered the sentencing range for the amount of crack cocaine Rivera possessed. Therefore, her sentence was based on a subsequently lowered guideline range.

-2-

To be consistent with applicable policy statements issued by the Sentencing Commission, a Sentencing Guidelines amendment must have "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The "applicable guideline range" is the range the district court calculates *before* granting any departures from the Guidelines, including a § 5K1.1 departure for substantial assistance. U.S.S.G. § 1B1.10 cmt. n.1. Here, the applicable guideline range—130–162 months—has been lowered by Amendment 750. That is, if Amendment 750 had been in place at the time of Rivera's original sentencing, her applicable guideline range would have been lower than 130 months. Thus, Rivera's "applicable guideline range" has been lowered by a retroactive amendment.

III.

Given that Rivera is eligible for a retroactive reduction of her sentence, the Court must determine to what extent a reduction is permitted under the Guidelines. Section 1B1.10(b)(1) explains the method of calculating the reduction:

> [T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). In addition, a court may depart from the amended guideline range if the original sentence was less than the originally applicable guideline range because of the defendant's substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B).

If Amendment 750 had been in effect at the time Rivera was originally sentenced, her base offense level would have been 26. After a three-point reduction—pursuant to U.S.S.G. §

-3-

3E1.1—her offense level would have been 23, yielding an applicable guideline range of 92–115 months. But, because of the statutory minimum, U.S.S.G. § 5G1.1(b) would have trumped the guideline range: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Since the statutorily required minimum for count one was 120 months, 120 months would have been Rivera's guideline sentence.

The question, then, is whether the Court may impose a sentence below 120 months. The Guidelines appear to allow it. After all, the Government made a § 5K1.1 motion to reflect Rivera's substantial assistance. See U.S.S.G. § 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.").

Nevertheless, despite the Guidelines, the Court lacks the authority to make such a reduction. That is because a court may not impose a sentence below a statutory minimum for substantial assistance if the Government does not make a motion requesting or authorizing a departure below the statutory minimum. United States v. Massey, 663 F.3d 852, 860 (6th Cir. 2011) ("A court may not depart below the statutory minimum unless the government moves for a departure under either 18 U.S.C. §§ 3553(e) or 3553(f).").

In this case, the Government made a § 5K1.1 motion requesting that the Court depart below the minimum of the applicable sentencing range, but the Government did not also make a § 3553(e) motion requesting that the Court depart below the statutory minimum sentence.

Accordingly, despite the fact that Rivera is technically eligible for a reduction under the Guidelines, the Court lacks the authority to reduce her sentence below the 120-month statutory minimum. Melendez v. United States, 518 U.S. 120 (1996) (holding that "a Government motion attesting to the defendant's substantial assistance in a criminal investigation and requesting that the district court depart below the minimum of the applicable sentencing range under the Sentencing Guidelines" does not also permit "the district court to depart below any statutory minimum sentence"). Rivera's motion (Doc. # 52) is therefore denied.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     July 5, 2012*
**Dan Aaron Polster**
**United States District Judge**