**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:09 CR 91** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **STEPHANIE RIVERA,** | ) | |
| | ) | |
| Defendant. | ) | |

On May 30, 2013, Defendant Stephanie Rivera filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and in the Alternative Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (**Doc #: 64**.) For the following reasons, the Motion is **DENIED**.

**I.**

On August 3, 2010, the President signed into law the congressionally enacted Fair Sentencing Act, which significantly reduced, but did not eliminate, a sentencing disparity between federal offenses involving crack and powder cocaine. Specifically, what used to be a 100:1 ratio between the amount of powder and crack needed to trigger mandatory minimum sentences was reduced to a ratio of 18:1. One of the questions raised by this Act was whether it applied retroactively to sentences imposed prior to the Act. On May 17, 2013, a divided panel of the Sixth Circuit held that the new mandatory minimum thresholds for crack cocaine offenses set

forth in the Act applied to otherwise-final sentences under 18 U.S.C. § 3582(c)(2), regardless of when the defendant was sentenced. *United States v. Blewett*, 719 F.3d 482 (6th Cir. May 17, 2013). The majority concluded that subjecting any defendant to the pre-Act statutory mandatory minimum penalties violates the Equal Protection Clause of the U.S. Constitution.

As a result of this case, numerous prisoners who were convicted of crack cocaine offenses and subject to mandatory minimum thresholds under the pre-Act regime, including Ms. Rivera, filed motions to reduce those sentences under 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255. Pursuant to her motion, Ms. Rivera asserts that, under the Fair Sentencing Act, her sentencing guideline range has been lowered from 120-150 months to 84-105 months. The Government filed a response asking the Court to hold its ruling in abeyance pending the Sixth Circuit's decision on whether to conduct an *en banc* review of *Blewett*, which the Court granted. (Doc ##: 65, 66.) Then, the Government asked the Court to hold its ruling in abeyance pending the Sixth Circuit's *en banc* ruling, which the Court did. (Doc #: 67.)

On December 3, 2013, the Sixth Circuit issued its *en banc* opinion concluding that the Fair Sentencing Act's new mandatory minimums do not apply to defendants who were sentenced prior to its effective date; 18 U.S.C. § 3582(c)(2) does not provide a vehicle for circumventing this interpretation; and the decision does not violate the equal-protection or cruel-and unusual punishment principles articulated in the U.S. Constitution. *United States v. Blewett*, — F.3d —, 2013 WL 5231727 (6th Cir. Dec. 3, 2013). *See also United States v. Sawyers*, No. 3:01-00170, 2014 WL 202368 (M.D. Tenn. Jan. 16, 2014); *Burtton v. Sepanek*, No. 0:13-095-HRW, 2014 WL 186886 (E.D. Ky. Jan. 15, 2014)*; Villaran-Rosado v. United States*, No. 4:13 CV 1292, 2013 WL 6823268 (N.D. Ohio Dec. 23, 2013); *United States v. Henry*, No.08-cr-20234, 2013

WL 6500502 (E.D. Mich. Dec. 11, 2013).  On December 4, 2013, the Government filed a supplemental response advising the Court of the *en banc* decision and asserting that, therefore, Ms. Rivera is not entitled to the relief sought.  (Doc #: 68.)

Based on the Sixth Circuit *en banc* ruling, by which this Court is bound, the Court **DENIES** the pending Motions (**Doc #: 64**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     February 5, 2014*
**Dan Aaron Polster
United States District Judge**

-3-